UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DAVID J. SAFRAN

        Petitioner;

v.

THE PEOPLE OF THE STATE OF
NEW YORK and NASSAU COUNTY
POLICE DEPARTMENT

        Respondents.

1:22-cv-3177 (NRM)

MEMORANDUM & ORDER

NINA R. MORRISON, United States District Judge:

    Pending before the Court is Respondent's motion to dismiss Petitioner David J. Safran's petition for a writ of habeas corpus. The Court has considered Respondent's motions, Respondent's supplemental briefing, Petitioner's written responses, as well as statements made by the parties during oral argument. For the reasons outlined herein, Petitioner's petition is DISMISSED for failure to exhaust his state court remedies.

## FACTS AND PROCEDURAL HISTORY

    On April 12, 2018, Petitioner David Jeffrey Safran ("Petitioner") was arrested in connection with a car accident in Nassau County, New York. ECF No. 18 at 5. Petitioner was indicted on various counts, including assault, reckless endangerment, leaving the scene of an accident, and reckless driving. ECF No. 18

1

at 5-6. Petitioner proceeded *pro se* and, after three years in pre-trial detention, pleaded guilty on April 19, 2021, to two counts of second-degree assault and one count of leaving the scene of an accident. *See* ECF No. 18-2. On May 17, 2021, Justice Teressa Corrigan of the New York Supreme Court (Nassau County) sentenced Petitioner to seven years in prison, inclusive of time already served in pre-trial detention. *See* ECF 18-3 at 58.[1] On May 21, 2021, Justice Corrigan granted Petitioner's application for poor person relief for purposes of his appeal. EFF 18-8 at 5.

Shortly after his sentencing, Petitioner, proceeding *pro se*, appealed his conviction to the Appellate Division of the New York Supreme Court. *See* ECF 18-8. The Appellate Division rejected Petitioner's appeal several times on procedural grounds with leave to refile because Petitioner had not first moved for the Appellate Division's leave to proceed *pro se*, and Petitioner failed to comply with certain stylistic requirements. *See* ECF No. 18-9; ECF No. 18-10 at 1-2. Petitioner never apparently corrected these errors, and therefore never perfected his appeal.

While his direct appeal was still under consideration by the Appellate Division, Petitioner also filed a post-conviction application under N.Y. C.P.L. § 440.10 on June 17, 2021 in New York Supreme Court (Nassau County). *See* ECF No. 18-4 at 1. On September 16, 2021, that Court concluded that each of Petitioner's claims must be raised on direct appeal, rather than in an application for

---

[1] According to information available online through the Department of Corrections and Community Supervision, Petitioner is parole eligible on April 9, 2024, and his latest possible release date is April 9, 2025.

post-conviction relief, and denied Petitioner's motion.  ECF No. 18-7 at 3.  Petitioner did not seek leave from the Appellate Division to appeal the trial court's decision.  ECF 18 at 8.  However, Petitioner seemingly filed an additional § 440 motion, apparently directly with the Appellate Division, in November 2021.  *See* ECF No. 18-11.

While the above motions were pending, Petitioner filed the present petition for a writ of habeas corpus on May 26, 2022.  ECF No. 1.  Respondent moved to dismiss Petitioner's petition on August 30, 2022 for failure to exhaust his state court remedies.  ECF No. 18.  On August 31, 2022, Judge Pamela Chen, the district judge to whom this action was previously assigned, noted that Respondent had moved to dismiss the petition only on procedural grounds and ordered Respondent to file supplemental briefing on the merits of the petition, *see* Text Order dated August 31, 2022, which Respondent did on October 13, 2022.  ECF No. 24.

This Court heard oral argument on the motion via telephone conference on January 11, 2023.  At that time, the Court also asked Petitioner whether he wished to have the assistance of counsel in litigating the procedural defenses raised by Respondent and/or the underlying merits of his petition.  Petitioner declined the Court's offer to consider appointment of counsel, stating that he believed he was highly familiar with the record and wished to continue to represent himself in this action.

At the close of oral argument, the Court ordered Respondent to file additional supplemental merits briefing on certain of Petitioner's claims, which Respondent

3

did on February 17, 2023.  ECF No. 40.  Since initiating this action, Petitioner has also filed numerous letters and motions with the Court, both in response to Respondent's motions and to raise standalone arguments.  *See, e.g.*, ECF Nos. 9-15; ECF Nos. 16-17; ECF Nos. 20-23; ECF Nos. 25-28; ECF No. 30-32; ECF No. 34-35; ECF No. 37-39; ECF No. 41; ECF No. 43-52.

## LEGAL STANDARD AND ANALYSIS

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") generally requires a petitioner to have exhausted his state court remedies prior to filing his petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts," a habeas petitioner must give the state the chance to review his claims by invoking "one complete round" of an available state judicial review procedure. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  The petitioner may satisfy this requirement with respect to a particular claim either by completing a full round of direct appellate review that includes that claim, or a full round of state post-conviction review that includes that claim.  *Harvey v. Portuondo*, 98-cv-7371, 2002 WL 2003210, at *5 (E.D.N.Y. Aug. 5, 2002).

However, in New York state, a petitioner must avail himself of slightly different appellate procedures for purposes of exhaustion, depending on whether he has raised his claim on direct appeal or through an application for post-conviction

4

review. *Daye v. Attorney Gen.*, 696 F.2d 186, 190 n.3 (2d Cir. 1982) ("Exhaustion of available state remedies requires presentation of the claim to the highest state court *from which a decision can be had.*" (emphasis added)).  On direct appeal, a defendant exhausts his claims once his motion for leave to appeal a decision by the Appellate Division has been denied by the New York Court of Appeals.  *See, e.g.*, *Borthwik v. Lavalley*, 10-cv-556, 2014 WL 4794413, at *5 (N.D.N.Y. Sept. 14, 2014) ("Having failed to present this [direct appeal] claim to the New York Court of Appeals, Petitioner has failed to exhaust it."); *Ramos v. Superintendent, Sing Sing Correctional Facility*, 11-cv-4929, 2013 WL 7046334, at *18 (S.D.N.Y. Sept. 19, 2013) ("Petitioner failed to present this claim in his letter requesting leave to appeal to the New York Court of Appeals and thereby failed to exhaust his claim."); *Brown v. Ercole*, 07-cv-11609, 2009 WL 1390854, at *4 (S.D.N.Y. May 13, 2009).  On post-conviction review under N.Y. C.P.L. § 440.10, however, an applicant may not appeal to the Appellate Division as of right, but instead must seek leave to appeal to that court.  *See Davis v. Griffin*, 16-cv-550, 2019 WL 1384587, at *2 n.1 (Mar. 27, 2019) (citing N.Y. C.P.L. § 450.15(1)).  Because a denial by the Appellate Division for leave to appeal a trial court's denial of an applicant's § 440 motion "is not reviewable by the New York Court of Appeals," the claims raised in a such a motion are considered exhausted for federal habeas purposes once the Appellate Division has denied leave to appeal.  *Coke v. Superintendent, Green Haven Correctional Facility*, 06-cv-811F, 2009 WL 3162486, at *1 (W.D.N.Y. Sept. 29, 2009).  *See also DiValentino v. Miller*, 21-cv-4534, 2022 WL 2048211, at *3 (S.D.N.Y. June 7, 2022)

("The claims in that motion were fully exhausted on June 12, 2020, when the Appellate Division denied Petitioner's motion to reargue the denial of his application for leave to appeal the denial of his § 440.10 motion."); *Reyes v. Phillips*, 02-cv-7319, 2005 WL 475544, at *5 (S.D.N.Y. Mar. 1, 2005) ("Failure to seek leave to appeal the denial of a § 440.10 motion to the Appellate Division constitutes failure to exhaust the claims raised in that motion." (citing *Pesina v. Johnson*, 913 F.2d 53 (2d Cir. 1990)).

In the present action, Petitioner has failed to exhaust his state court remedies with respect to any of his claims. Although Petitioner appealed his conviction to the Appellate Division, *see* ECF No. 18-8, that court apparently never rendered a decision on Petitioner's appeal because Petitioner failed to comply with certain stylistic requirements and impermissibly attempted to proceed *pro se* without first seeking leave of the court to do so. *See* ECF No. 18-9; ECF No. 18-10 at 1-2. Petitioner has apparently not yet corrected this deficiency. To the extent the Appellate Division's letter to Petitioner informing him of this procedural defect can be construed as an order dismissing his appeal, Petitioner never sought leave to appeal the Appellate Division's order with the New York Court of Appeals. Therefore, for exhaustion purposes, Petitioner has yet to complete a full round of direct appellate review of his conviction.

Petitioner has also failed to complete a full round of post-conviction review. Petitioner's § 440.10 application was dismissed by the New York trial court on September 16, 2021, *see* ECF No. 18-7 at 3, and Petitioner never apparently sought

6

leave to appeal from the Appellate Division. Therefore, for exhaustion purposes, Petitioner has yet to complete a full round of post-conviction review. *See Reyes*, 2005 WL 475544, at *5.

Although Petitioner apparently filed a motion with the Appellate Division in November 2021, it is unclear whether this motion refers to Petitioner's direct appeal, his § 440.10 application, or is unrelated altogether. *See* ECF No. 18-11. In any event, this motion does not render any of Petitioner's claims exhausted. To the extent this motion constitutes a direct appeal of Petitioner's conviction to the Appellate Division, Petitioner has still not exhausted his state court remedies on direct review, because (1) the record indicates that the Appellate Division has not yet ruled on this motion, and (2) even if it has, the record indicates that Petitioner did not seek leave of the New York Court of Appeals to review the Appellate Division's decision. To the extent that the motion is an appeal of Petitioner's § 440.10 application dismissed on September 16, 2021, Petitioner has still not exhausted his state court remedies because (1) Petitioner must first seek leave to appeal a § 440.10 application with the Appellate Division under New York state law, which he did not apparently do, and (2) in any event, the record indicates that the Appellate Division never ruled on this motion.

For these reasons, the claims that Petitioner raises in the present action are all unexhausted and therefore unreviewable by this Court.[2]

---

    [2] It is possible, though not entirely clear from the record, that Petitioner's claims are exhausted but nonetheless are procedurally defaulted for a host of

7

## Conclusion

For the reasons outlined herein, Petitioner's petition for writ of habeas corpus is dismissed. Petitioner is encouraged to raise his constitutional challenges to his conviction in state court, if that path is still available to him. The Court also notes that it has entered this order based on the state court record available to it, which was provided to the Court by Respondent in August 2022. If Petitioner believes that the Court's exhaustion analysis is based on an incomplete record, he may cure his failure to exhaust by doing one of the following within 30 days of this order:

(1) File a record with this Court demonstrating that Petitioner has completed a full round of state court review on direct appeal. To do this, Petitioner must file with this Court (a) an order from the Appellate Division denying Petitioner's direct appeal, and (b) an order from the New York Court of Appeals denying Petitioner leave to appeal.

---

reasons: for instance, the state court deadline by which Petitioner must raise his claims may have lapsed, and the trial court dismissed Petitioner's § 440 application because the claims he raised were record-based and therefore reviewable only on direct appeal. *See Roman v. Abrams*, 822 F.2d 214, 222 (2d Cir. 1987) ("It is well established that when a state prisoner has failed to raise his federal constitutional claim in the state courts in accordance with state procedural rules, including those requiring that claims of constitutional defects in the trial be raised on direct appeal from a conviction, there has been a procedural default that bars federal habeas review."); *cf. Ramos*, 2013 WL 7046334, at *18 ("Because this claim appears on the trial record, however, it may be deemed exhausted and procedurally defaulted because Petitioner no longer has recourse on this claim in the state courts." (citing N.Y. C.P.L. § 440.10(2)(C)). It is unclear to the Court, however, whether Petitioner can still perfect his direct appeal. In light of Petitioner's failure to exhaust his state court remedies, the Court declines to reach the question of procedural default, especially because actions dismissed for reasons of procedural default are typically dismissed with prejudice. *See* 2 Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure § 23.1 ("If there is a possibility that state remedies still may be available . . . the appropriate course is to dismiss the claim without prejudice to allow the petitioner to pursue the unexhausted state remedies and thereby enable the state courts to resolve the ambiguity regarding the availability of state remedies.").

(2) File a record with this Court demonstrating that Petitioner has completed a full round of state post-conviction review.  To do this, Petitioner must file with the Court (a) an order from a New York trial court denying Petitioner's § 440 application (such as Justice Corrigan's September 16, 2021 decision), and (b) an order from the Appellate Division denying Petitioner leave to appeal the trial court's order.

If such documents exist, Petitioner shall file them with the Court and may, if he wishes, also submit an explanatory letter, not to exceed one page.  If within 30 days of this order the Court does not receive anything from Petitioner, or it receives documents from Petitioner that are insufficient to cure the defect described in this opinion, the Court will direct the Clerk of Court to close this case.

SO ORDERED.

                                                    _/s/ NRM_
                                                    NINA R. MORRISON
                                                    United States District Judge

Dated: May 6, 2022
       Brooklyn, New York